UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>  Plaintiff,<br><br>v.<br><br>FLOYD E. HARRINGTON, et al.,<br><br>  Defendants. | Civil Action No. 14-1158 (ES)<br><br><br><br>REPORT AND<br>RECOMMENDATION |

      This matter is presently before the Court on the motion of Plaintiff, Wells Fargo Bank, N.A., to remand the action to the Superior Court of New Jersey, Chancery Division, Essex County. ECF No. 3. The motion is opposed by *pro se* Defendant Heidi Harrington. Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Esther Salas, U.S.D.J., referred the instant motion to the Undersigned for a Report and Recommendation. The Court considered this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Undersigned respectfully recommends that the District Court grant Plaintiff's motion and remand this matter to the Superior Court of New Jersey.

**RELEVANT FACTS & PROCEDURAL HISTORY**

      On August 28, 2008, Plaintiff filed a three-count Complaint for foreclosure against defendants Floyd E. Harrington, Heidi Harrington, and their heirs, devisees, personal representatives and successors, in the Superior Court of New Jersey, Chancery Division, Essex County. See Complaint for Foreclosure, attached as Exhibit A to the Certification of Robert D.

1

Bailey, Esq. ("Baily Cert."), ECF No. 3-4.  A copy of the Summons and Complaint was served upon Defendant Heidi Harrington on September 3, 2008. See Summons and Complaint, attached as Ex. B to Baily Cert., ECF No. 3-5.  The Chancery Division entered final judgment against Defendants on December 23, 2009.  See Order of Final Judgment, attached as Ex. C to Baily Cert., ECF No. 3-6.

On April 26, 2013, Defendant Heidi Harrington filed a Notice of Removal. (*See* Case No. 2:13-cv-2679 (ES)(JAD).  On September 5, 2013, United States Magistrate Judge Steven C. Mannion recommended remanding the action because removal was untimely under 28 U.S.C § 1446(a).[1] Report and Recommendation, attached as Ex. E to Baily Cert., ECF No. 3-8.  On December 27, 2013, the District Court remanded the matter. Opinion and Order, attached as Ex. F to Baily Cert., ECF No. 3-9.  The case was subsequently remanded to the Superior Court of New Jersey, Chancery Division, Essex County.

On February 18, 2014, Defendant Heidi Harrington again removed the action to this Court.  However, she has alleged no facts that suggest any change in the law or factual background that would warrant a different result than the remand previously ordered by the District Court.  In both instances, the Defendant sought to remove the same state court case on the same grounds, without any articulated change in the facts or the law.  On March 12, 2014

---

[1] Defendant Heidi Harrington sought to remove the action more than three years after the Chancery Division entered final judgment.  Accordingly, the Court determined that the removal violated the requirement that a case be removed "within 30 days after the service of summons upon the defendant" pursuant to 28 U.S.C § 1446(a), and recommended remand.   Report and Recommendation, attached as Ex. E to Baily Cert., ECF No. 3-8, at 6-7.

Plaintiff filed the instant motion to remand.  ECF No. 3.  Defendant Heidi Harrington opposed the motion. ECF No. 4.[2]

## DISCUSSION

Plaintiff argues that this case should be remanded to the state court of New Jersey under the doctrine of collateral estoppel because the District Court has already considered and remanded this matter. Pl.'s Br., ECF No. 3, at 3.  Collateral estoppel "prevents parties from litigating again the same issues when a court of competent jurisdiction has already adjudicated the issue on its merits, and a final judgment has been entered as to those parties and their privies." Witkowski v. Welch, 173 F.3d 192, 198 (3d Cir. 1999).  Defendant Heidi Harrington has already removed the underlying state court case, and the District Court remanded the action to the state court on December 27, 2013.  Therefore, the Court has already adjudicated on the merits whether removal is appropriate.  Defendant Heidi Harrington does not raise any facts to suggest that there is something different about this motion from her prior unsuccessful attempt to remove this action.  In both this removal and the prior removal action, Defendant Heidi Harrington removed the action to federal court in an attempt to attack the state court judgment and assert federal claims against Wells Fargo Bank, N.A.  In the prior removal action, this Court

---

[2] Heidi Harrington's opposition appears to allege that this Court has jurisdiction in this case because the *Rooker-Feldman* doctrine of abstention does not apply due to alleged fraud in the state court proceedings.  ECF No. 4, at 2. "The *Rooker–Feldman* doctrine bars federal jurisdiction under two circumstances: if the claim was 'actually litigated' in state court or if the claim is 'inextricably intertwined' with the state adjudication." ITT Corp. v. Intelnet Int'l, 366 F.3d 205, 210 (3d Cir. 2004).  Defendant's brief merely states the legal standards for a multitude of different fraudulent activities.  Defendant's Reply Brief, ECF No. 4, at 13-18.  The Court can only infer from Plaintiff's recitation of these standards that she attempts to allege some ill-defined theory of fraud.  However, she provides no facts in her brief, let alone plead fraud with any particularity sufficient to suggest that some fraud occurred in the state court.

3

remanded the case to state court as it was untimely pursuant to 28 U.S.C § 1446(a), a defect Defendant Heidi Harrington remains unable to cure.[3]

Therefore, Defendant Heidi Harrington is now estopped from attempting to have the Court reexamine the issues that have already been litigated.

## CONCLUSION

For the foregoing reasons, the Undersigned respectfully recommends that the District Court grant Plaintiff's motion and remand this case to the Superior Court of New Jersey, Chancery Division, Essex County. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 72.1(c)(2), the parties have fourteen days to file and serve objections to this Report and Recommendation.

*s/ Michael A. Hammer*_____
**United States Magistrate Judge**

Dated: April 8, 2014

---

[3] Defendant Heidi Harrington's removal is further deficient under 28 U.S.C. § 1446(b)(2)(A). Section 1446(b)(2)(A) requires "all defendants who have been properly joined and served must join in or consent to the removal of the action." Defendant Heidi Harrington neglects to inform the Court in either her Notice of Removal, ECF No.1, or her brief in opposition to remand, ECF No. 4, whether the other defendants in the state court action have consented to removal in this case.