NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK, N.A., | : |
| Plaintiff, | : Civil Action No. 14-1158 (ES) |
| v. | : MEMORANDUM OPINION & ORDER |
| FLOYD E. HARRINGTON, et al., | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

Pending before the Court is plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff" or "Wells Fargo") motion to remand this action to the Superior Court of New Jersey, Essex County, Chancery Division. (D.E. No. 3). This Court referred Plaintiff's motion to the Honorable Michael A. Hammer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). On April 8, 2013, Magistrate Judge Hammer issued a Report and Recommendation (the "R & R") that the undersigned grant Plaintiff's motion and remand this matter accordingly. (D.E. No. 7). Judge Hammer advised the parties that they had fourteen days to file and serve any objections to the R & R pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 72.1(c)(2). (*Id.* at 4).

On April 22, 2014, *pro se* defendant Heidi Harrington ("Defendant" or "Ms. Harrington") filed an objection to the R & R. (D.E. No. 8 ("Def. Objection")). For the reasons set forth below, however, the Court adopts Magistrate Judge Hammer's R & R and GRANTS Plaintiff's motion to remand.

In the R & R, Judge Hammer determined that Ms. Harrington "has already removed the underlying state court case, and the District Court remanded the action to the state court on

December 27, 2013." (D.E. No. 7 at 3). Judge Hammer reviewed the procedural history of the earlier removal and remand, explaining that the District Court remanded the action because it was untimely under 28 U.S.C. § 1446. (*Id.* at 2). Accordingly, Judge Hammer determined that "the Court has already adjudicated on the merits whether removal is appropriate" and, therefore, "Defendant Heidi Harrington is now estopped from attempting to have the Court reexamine the issues that have already been litigated." (*Id.* at 3-4).

In her objection, Ms. Harrington seems to acknowledge the statutory time limitations for removal. (*See* Def. Objection at 4). She argues, however, that she is "not making serial filings to delay foreclosure," but that she is "trying to be heard on the fact that [she] WAS NOT SERVED." (*Id.* at 5). She contends that the affidavit of service from the underlying state court action is "fraudulent" because, among other things, it has the wrong hair color for her and it "claims to be service for [her] father Mr. Floyd E. Harrington and not [herself]." (*Id.*).

Thus, Ms. Harrington claims that she was "not properly served" in the underlying state court action because "in fact, [she] was not served at all." (*Id.*). Ms. Harrington seeks to have this Court address "the single point that there is no evidence on the record of service on [her]" and, without doing so, her "rights would in fact be abrogated by force." (*Id.*). Accordingly, it is her "request that the Plaintiff's motion to remand be denied and that the issues surrounding service be addressed." (*Id.* at 6).

"When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(b), and L. Civ. R.

72.1(c)(2)).

The Court provides the background of this action in summary fashion because Judge Hammer provided the relevant factual and procedural background in the R & R. (*See* D.E. No. 7).

Briefly, Ms. Harrington previously attempted to remove the underlying state court action to this Court. (*See* Civil Action No. 13-2679). This Court, however, remanded that action to the Superior Court of New Jersey, Essex County, Chancery Division. (Civil Action No. 13-2679, D.E. No. 15 at 4). In doing so, this Court reasoned that Ms. Harrington's removal was procedurally defective because she removed the state court action "several *years* after an unfavorable state court judgment" in violation of 28 U.S.C. § 1446. (*Id.* at 3).

Here, as Judge Hammer correctly determined in the R & R, (*see* D.E. No. 7 at 3-4), Ms. Harrington fails to make any showing that her instant removal differs in any way from her previous removal or that she is able to cure the glaring procedural defect in her removal—i.e., that she is removing a state court action to this Court several years after the state court entered a final judgment.

To be sure, Ms. Harrington seems to argue that an "exception" to the statutory time limits for removal applies. (Def. Objection at 4). She contends that an "exception applies if diversity jurisdiction, and thus removal jurisdiction, is lacking at the time of the initial pleading in state court, but becomes available within a year after initiation of the suit." (*Id.*).

Section 1446(b)(3) provides that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

3

ascertained that the case is one which is or has become removable.

And Section 1446(c) provides that removal based on diversity jurisdiction may not be effected "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

Even giving Ms. Harrington the benefit of favorable inferences given her status as a *pro se* litigant, Ms. Harrington fails to make any showing that she was unable to remove the underlying state action at an earlier time or that she somehow meets the statutory time limitations for removal.

Indeed, it is indisputable that Ms. Harrington became aware of the state court action at some time. But Ms. Harrington does not provide information (e.g., *when* she became aware of the state court action) that would permit the Court to find that Ms. Harrington only recently could ascertain that her case is removable. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained that the case is one which is or has become removable*.") (emphasis added). After all, in the underlying state court action at issue here, the state court entered a final judgment in December 2009. (D.E. No. 3-6).

Furthermore, the Court is unconvinced that it can equitably toll the statutory time limitations under Section 1446(c), which applies to removal based on diversity jurisdiction. Ms. Harrington's notice of removal indicates that both she and Plaintiff are residents of New Jersey. (D.E. No. 1 ¶¶ 3-4). Thus, Ms. Harrington cannot rely on Section 1446(c) to equitably toll the

4

time limitations provided in 28 U.S.C. § 1446(b).[1]

The Court has reviewed Defendant's objection, as well as Magistrate Judge Hammer's R & R, and for the reasons stated above and in the R & R,

**IT IS** on this 2nd day of May 2014,

**ORDERED** that this Court ADOPTS Magistrate Judge Hammer's Report and Recommendation, (D.E. No. 7), as the Opinion of this Court; and it is further

**ORDERED** that Plaintiff's motion to remand, (D.E. No. 3), is GRANTED; and it is further

**ORDERED** that this matter is hereby REMANDED to the Superior Court of New Jersey, Essex County, Chancery Division; and it is further

**ORDERED** that Defendant Heidi Harrington may not file any additional removal notices to this Court "without the express written permission of this Court, obtained in advance, and without payment of the required filing fees," *see HSBC Mortg. Servs., Inc. v. Cunningham*, No. 07-2480, 2007 WL 3005337, at *5 (N.D. Ga. Oct. 12, 2007); and it is further

**ORDERED** that the Clerk of Court shall mark this case CLOSED.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1] The Court notes that, in rendering this decision, it does *not* adjudicate the propriety of the affidavit of service in the underlying state court action that Ms. Harrington alleges is fraudulent. As discussed above, whether that affidavit of service is proper or not, Ms. Harrington has been unable to show that removal to this Court comports with the statutory requirements of 28 U.S.C. § 1446.